[No. 3566.  Oct. 9, 1930.]

STATE v. ASPER.

[292 Pac. 225.]

Perkins L. Patton, of Clovis, for appellant.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

WATSON, J.

Appellant and John Asper, assumed to be her husband, were jointly indicted for selling intoxicating liquor to a minor. Appellant was separately tried and convicted, no doubt on the theory that she aided and abetted her husband in making the sale in question.

■ Appellant contends that, for insufficiency of evidence to connect her with the sale, the court erred in overruling her motion for a directed verdict on that ground. Without narrating it, we consider it sufficient to say that we are fully satisfied with the evidence on this point.

■ Since the sale admittedly took place in the immediate presence of the husband, appellant invoked, both by motion for a directed verdict, and by requested instruction, and now invokes, the principle of the common law that a married woman under such circumstances is presumed to have acted under marital coercion.

The trouble with appellant's position is that both the motion to direct a verdict and the requested instruction are framed upon the theory that such presumption is conclusive. Such is not the case. By the great weight of authority it seems to be rebuttable. See Anno. "Effect of Coverture upon the Criminal Responsibility of a Woman," 4 A. L. R. 266; "Husband and Wife," 30 C. J. § 420½; "Husband and Wife," 13 R. C. L. § 274 et seq. The learned trial judge correctly held the presumption one of fact, not of law. There was, in our judgment, plenty of evidence to warrant a jury in considering the presumption overcome.

There has been considerable discussion here as to whether the adoption of the common law of crime (Ex parte De Vore, 18 N. M. 246, 136 P. 47) and of criminal procedure (Territory v. Montoya, 17 N. M. 122, 125 P. 622) in this jurisdiction in 1851 (1929 Comp. § 34—102) included the principle here relied on, and as to whether, if originally adopted and once in force, this principle has disappeared by reason of modern statutes, ideas, and practices affecting the legal and social status of married women. But, as will be seen from what we have said, we are not put to the consideration of these questions.

Finding no error, the judgment will be affirmed. It is so ordered.

BICKLEY, C. J., and SIMMS, J., concur.

CATRON and PARKER, JJ., did not participate.